N7K8ROGP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4           v.                            22 Cr. 321 (JMF)

5  ANAUNCIA ROGERS,

6           Defendant.                    Plea

7  ------------------------------x
                                          New York, N.Y.
8                                         July 20, 2023
                                          2:30 p.m.
9
   Before:
10
                   HON. JESSE M. FURMAN,
11
                                          District Judge
12
                         APPEARANCES
13
   DAMIAN WILLIAMS
14      United States Attorney for the
        Southern District of New York
15  MATTHEW J. KING
        Assistant United States Attorney
16
   DONALD D. DUBOULAY
17      Attorney for Defendant

18

19

20

21

22

23

24

25

N7K8ROGP

1              (In open court; case called)

2              THE DEPUTY CLERK:  Counsel, please state your name for

3    the record.

4              MR. KING:  Good afternoon, your Honor.  Matthew King

5    for the government.

6              THE COURT:  Good afternoon, Mr. King.

7              MR. DUBOULAY:  Good afternoon, your Honor.  Donald

8    Duboulay for Ms. Rogers.

9              THE COURT:  Good afternoon, Mr. Duboulay.

10             Good afternoon, Ms. Rogers.

11             All right.  My understanding is Ms. Rogers is prepared

12   to change her plea and enter a plea of guilty to Count One of

13   the indictment 22 Cr. 321.

14             Is that correct, Mr. Duboulay?

15             MR. DUBOULAY:  Yes, it is, your Honor.  Thank you.

16             THE COURT:  Before I accept your guilty plea, Ms.

17   Rogers, I need to ask you certain questions to ensure that you

18   are pleading guilty because you are in fact guilty and not for

19   some other reason, to ensure that you understand the rights

20   that you would give up by pleading guilty, and to ensure that

21   you understand the potential consequences of the guilty plea.

22             It is critical that you understand each question

23   before you give me an answer.  So if there is any question you

24   don't understand, please let me know so that Mr. Duboulay or I

25   can explain it to you more fully.  And if at any point you wish

N7K8ROGP

1    to speak with Mr. Duboulay, for whatever reason, just let me

2    know, and I am happy to give you however much time you wish to

3    speak with him.

4             Do you understand that?

5             THE DEFENDANT:  Yes, sir.

6             THE COURT:  I will ask you to please rise and raise

7    your right hand so Ms. Smallman can administer the oath to you.

8             (Defendant sworn)

9             THE COURT:  You may be seated.

10            You are now under oath, which means that if you answer

11   any of my questions falsely, you may be subject to prosecution

12   for the separate crime of perjury.

13            Do you understand that?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  Can you tell me your full name, please.

16            THE DEFENDANT:  Anauncia Ishun Rogers.

17            THE COURT:  How old are you?

18            THE DEFENDANT:  27.

19            THE COURT:  How far did you go in school?

20            THE DEFENDANT:  I completed high school.

21            THE COURT:  Have you ever been treated or hospitalized

22   for any mental illness?

23            THE DEFENDANT:  No, sir.

24            THE COURT:  Are you now or have you recently been

25   under the care of a doctor or a mental health professional,

1    such as a psychiatrist or a psychologist?

2                THE DEFENDANT:  No, sir.

3                THE COURT:  Have you ever been treated or hospitalized

4    for any type of addiction, including drug or alcohol addiction?

5                THE DEFENDANT:  No, sir.

6                THE COURT:  Have you taken any medicine, pills, drugs,

7    or had any alcohol in the last 48 hours?

8                THE DEFENDANT:  No, sir.

9                THE COURT:  Is your mind clear today?

10               THE DEFENDANT:  Yes, sir.

11               THE COURT:  Do you understand what is happening here

12   today?

13               THE DEFENDANT:  Yes, sir.

14               THE COURT:  Mr. Duboulay, I assume you have discussed

15   this matter with Ms. Rogers?

16               MR. DUBOULAY:  Yes, your Honor.

17               THE COURT:  In your judgment, does she understand the

18   rights that she would be giving up by pleading guilty?

19               MR. DUBOULAY:  She does.

20               THE COURT:  In your judgment, is she capable of

21   understanding the nature of these proceedings?

22               MR. DUBOULAY:  She is.

23               THE COURT:  Does either counsel have any doubt as to

24   Ms. Rogers's competence to plead guilty at this time?

25               MR. KING:  No, your Honor.

N7K8ROGP

|    |    |
|----|----|
| 1  | MR. DUBOULAY:  No, your Honor. |
| 2  | THE COURT:  On the basis of Ms. Rogers's responses to |
| 3  | my questions, my observations of her demeanor here in court, |
| 4  | and the representations of counsel, I find that she is fully |
| 5  | competent to enter an informed plea of guilty at this time. |
| 6  | Ms. Rogers, have you received a copy of the indictment |
| 7  | containing the charge to which you intend to plead guilty? |
| 8  | THE DEFENDANT:  Yes, sir. |
| 9  | THE COURT:  Have you read it? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  Have you discussed it with Mr. Duboulay? |
| 12 | THE DEFENDANT:  Yes, sir. |
| 13 | THE COURT:  Have you had enough time to discuss with |
| 14 | him the charge to which you intend to plead guilty and any |
| 15 | possible defenses to that charge?  Did you have enough time? |
| 16 | THE DEFENDANT:  Yes, sir. |
| 17 | THE COURT:  Has he explained to you the consequences |
| 18 | of pleading guilty? |
| 19 | THE DEFENDANT:  Yes, sir. |
| 20 | THE COURT:  Are you satisfied with his representation |
| 21 | of you? |
| 22 | THE DEFENDANT:  Yes, sir. |
| 23 | THE COURT:  All right.  Let me now explain to you |
| 24 | certain rights that you have.  These are rights that you would |
| 25 | be giving up by pleading guilty.  So it's important to |

N7K8ROGP

1  understand each one, and if there is anything you don't

2  understand, please let me know so that Mr. Duboulay or I can

3  explain it to you more fully.

4          Under the Constitution and laws of the United States,

5  you have the right to plead not guilty to the charges in the

6  indictment.

7          Do you understand that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  If you did plead not guilty, you would be

10  entitled to a speedy and public trial by a jury on those

11  charges.

12          Do you understand that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  At that trial, you would be presumed to be

15  innocent and you would not have to prove that you were

16  innocent.  Instead, the government would have the burden of

17  proving your guilt by competent evidence beyond a reasonable

18  doubt before a jury could find you guilty.

19          Do you understand that?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  In order to find you guilty, a jury of 12

22  people would have to agree unanimously that you were guilty.

23          Do you understand that?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  At that trial, and at every stage of your

N7K8ROGP

1    case, you would be entitled to the assistance of a lawyer, and

2    if you could not afford a lawyer, one would be appointed at

3    public expense, free of cost, to represent you.

4            Do you understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  During a trial, the witnesses for the

7    government would have to come to court and testify in your

8    presence, and your lawyer would have an opportunity to

9    cross-examine those witnesses and object to any evidence

10   offered against you by the government.  You would also have an

11   opportunity to present evidence on your own behalf, and you

12   would have the right to have subpoenas issued or other process

13   used to compel witnesses to come to court and testify in your

14   defense.

15           Do you understand all that?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  At a trial, you would also have the right

18   to testify on your own behalf, but you would also have the

19   right not to testify, and if you chose not to testify, then

20   nobody, including the jury, could draw any inference or

21   suggestion of guilt from the fact that you did not testify.

22           Do you understand that?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Before a trial, you would have an

25   opportunity, if you have not waived it, to seek suppression or

N7K8ROGP

1    exclusion of any evidence that the government would use against

2    you at a trial.

3              Do you understand that?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  If you were convicted at a trial, you

6    would have a right to appeal that verdict and any pretrial

7    rulings that I have made in connection with your case.

8              Do you understand that?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  If you plead guilty, you would have to

11   give up your right not to incriminate yourself because I will

12   ask you questions about what you did and you will have to admit

13   and acknowledge that you are guilty as charged in order to

14   satisfy myself that you are guilty as charged.

15             Do you understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  If you plead guilty and if I accept your

18   guilty plea, you will give up your right to a trial and the

19   other rights that we have discussed, other than your right to a

20   lawyer, which you keep whether or not you plead guilty, but

21   there will be no appeal with respect to whether you did or did

22   not commit the offense charged in Count One of the indictment

23   or with respect to whether the government could use the

24   evidence that it has against you.

25             Do you understand all that?

N7K8ROGP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  In addition, I will enter a judgment of

3     guilty and sentence you on the basis of your plea, after I have

4     received a presentence report prepared by the United States

5     probation department and any submissions that I get from the

6     lawyer for the government and your lawyer.

7          Do you understand that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Even now, as you are entering your plea,

10     you have the right to change your mind, to plead not guilty,

11     and to go to trial on the charges in the indictment.

12          Do you understand that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Do you understand each and every one of

15     the rights that we have just discussed?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Are you willing to give up your right to a

18     trial and the other rights that I have explained to you?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that you are charged in

21     Count One of the indictment with participating in a conspiracy

22     to traffic firearms -- that is, in violation of 18, U.S. Code,

23     Section 371, though the statute that prohibits the trafficking

24     of firearms is 18, U.S. Code, Section 922(a)(1)(A).

25          Do you understand that that is the charge?

N7K8ROGP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Mr. King, would you please state the

3     elements of the offense.

4          MR. KING:  Yes, your Honor.

5          In order to prove the defendant guilty of Count One,

6     conspiracy to commit firearms trafficking, the government would

7     be required to prove three elements beyond a reasonable doubt:

8          First, that two or more persons agreed to do something

9     which federal law prohibits.  Here, that is to engage in gun

10    trafficking, in violation of 18 U.S.C., Section 922(a)(1)(A);

11         Second, the defendant knew of the conspiracy and

12    willfully joined the conspiracy, and

13         Third, that at some time during the existence of the

14    conspiracy, or agreement, one of the members of the conspiracy

15    knowingly performed, in the Southern District of New York, one

16    of the overt acts charged in the indictment in order to

17    accomplish the purpose of the agreement.

18         The object of the conspiracy here is gun trafficking.

19    Gun trafficking has two elements:

20         First, that the defendant was not licensed to deal

21    firearms; and

22         Second, the defendant willfully engaged in the

23    business of dealing firearms.

24         Finally, your Honor, the government would be required

25    to prove by a preponderance of the evidence that venue was

N7K8ROGP

1  proper in the Southern District of New York.  In this case, the

2  guns purchased by the defendant were trafficked to the Southern

3  District of New York.

4          THE COURT:  All right.  Thank you.

5          Ms. Rogers, do you understand that if you were to go

6  to trial, the government would have to prove that venue was

7  proper in this district -- Mr. King mentioned that at the very

8  end here -- that is, that something in connection with this

9  offense occurred in the Southern District of New York, but the

10  burden on that would be by a preponderance of the evidence.

11          Do you understand that?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Aside from that, the government would have

14  to prove, but beyond a reasonable doubt, the other elements

15  that Mr. King mentioned, the first three elements that he

16  mentioned.

17          Do you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Let me tell you now about the maximum

20  possible penalties for this crime.  And by maximum, I mean the

21  most that could possibly be imposed upon you.  It doesn't mean

22  that that is the sentence that you would receive, but you have

23  to understand that by pleading guilty, you are exposing

24  yourself to a combination of punishments up to the statutory

25  maximum.

N7K8ROGP

1       Do you understand that?

2       THE DEFENDANT:  Yes, sir.

3       THE COURT:  First, the maximum term of imprisonment

4  for this crime is five years, which could be followed by up to

5  three years of supervised release.

6       Supervised release means that you would be subject to

7  supervision by the probation department, and there would be

8  rules of supervised release that you would be required to

9  follow, and if you violated any of those rules, you could be

10  returned to prison to serve additional time without a jury

11  trial and without credit for the time spent on your original

12  sentence or time spent on post-release supervision.

13       Do you understand that?

14       THE DEFENDANT:  Yes, sir.

15       THE COURT:  You should understand that there is no

16  parole in the federal system, which means that if you were

17  sentenced to prison, you would not be released early on parole.

18  There is a limited opportunity to earn credit for your good

19  behavior, but if you were sentenced to prison, you would have

20  to serve at least 85 percent of the time to which you were

21  sentenced.

22       Do you understand that?

23       THE DEFENDANT:  Yes, sir.

24       THE COURT:  In addition to those restrictions on your

25  liberty, the maximum possible punishment also includes certain

N7K8ROGP

1    financial penalties.

2            First, the maximum allowable fine is the greatest of

3    $250,000 or twice the gross pecuniary gain derived from the

4    offense or twice the gross pecuniary loss to someone other than

5    you as a result of the offense.

6            Second, I can order restitution to any person or

7    entity injured by virtue of your criminal conduct.

8            Third, I can order you to forfeit all property derived

9    from the offense and used to facilitate the offense.

10           And finally, I must order a mandatory special

11   assessment of $100.

12           Do you understand that those are the maximum possible

13   penalties?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  Are you a citizen of the United States,

16   Ms. Rogers?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Do you understand that if you were not a

19   citizen, that by pleading guilty you could expose yourself to

20   negative immigration consequences, including removal from the

21   United States and other immigration consequences?

22           Do you understand that if you were not a citizen, that

23   those are among the things that could happen?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Do you understand that as a result of your

1    guilty plea, you may lose certain valuable civil rights in this

2    country, to the extent that you have them or could otherwise

3    obtain them now, such as the right to vote, the right to hold

4    public office, the right to serve on a jury, and the right to

5    possess any kind of firearm?

6              Do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Are you being prosecuted in any other

9    court at this time or serving any other sentence at this time?

10             THE DEFENDANT:  No, sir.

11             THE COURT:  Do you understand that if Mr. Duboulay, or

12   anyone else for that matter, has attempted to predict what your

13   sentence will be in this case, that their predictions could be

14   wrong?

15             Do you understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  It's important for you to understand that

18   no one, not your lawyer, not the lawyer for the government, no

19   one can give you any promise or assurance of what your sentence

20   will be in this case.  And that's because your sentence will be

21   determined by me, and by me alone.  I am not going to do that

22   today.  Instead, I will wait until the United States probation

23   department prepares its presentence report.  I will do my own

24   independent calculation of how the United States sentencing

25   guidelines apply to your case and consider any possible

N7K8ROGP

1    departures from the guidelines range.  I will consider any

2    submissions I get from both the lawyers.  And ultimately I will

3    consider the factors that govern sentencing that are set forth

4    in a statute, 18, U.S. Code, Section 3553(a).

5              Do you understand all that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Have you discussed all of that with Mr.

8    Duboulay?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Now, even if your sentence is different

11   from what Mr. Duboulay or anyone else has said that it might

12   be, even if it is different from what you would expect or hope

13   it to be, and even if it is different from what may be in the

14   plea agreement, you will still be bound by your guilty plea and

15   you will not be allowed to withdraw your plea.

16             Do you understand that?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Now, I understand that there is a written

19   plea agreement between you and the government in this case; is

20   that correct?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  I have an original plea agreement here,

23   dated July 18, 2023, from Mr. King and a colleague of his to

24   Mr. Duboulay.

25             I will mark this as Court Exhibit 1 and provide it to

N7K8ROGP

 1    the government to retain in its possession after this

 2    proceeding.

 3           Turning to the last page, it looks like you signed

 4    this dated today on that page.  Is that your signature there,

 5    if you could see it?

 6           THE DEFENDANT:  Yes, sir.

 7           THE COURT:  Before you signed the plea agreement, did

 8    you read it?

 9           THE DEFENDANT:  Yes, sir.

10           THE COURT:  Before you signed it, did you discuss it

11    with Mr. Duboulay?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Before you signed it, did he explain it to

14    you and answer any of your questions about the document?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Before you signed it, did you fully

17    understand it?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  Now, one of the features of this agreement

20    is that you and the government agree on how the United States

21    sentencing guidelines apply to your case; is that correct?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  You should understand that that agreement

24    is binding on you and it is binding on the government, but it

25    is not binding on me.  I have my own independent obligation to

N7K8ROGP

1   determine the correct guidelines range.  I am not suggesting

2   that I will calculate the range differently than you have

3   agreed, but I certainly could, and even if I did, you would

4   still be bound by your guilty plea and you would not be allowed

5   to withdraw your plea.

6          Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  In addition, in this agreement you admit

9   to the forfeiture allegation with respect to Count One of the

10  indictment and agree to forfeit to the United States all right,

11  title, and interest in certain property that is specified in an

12  order attached to the agreement.

13         Do you understand that?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you in fact admit to the forfeiture

16  allegation in the indictment?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Another feature of this agreement that I

19  want to bring to your attention is that you agree to waive, or

20  give up, your right to appeal any sentence that is within or

21  below the stipulated guidelines sentence of 60 months'

22  imprisonment, which is the maximum statutory sentence.

23         So, strictly speaking, whatever sentence I impose on

24  you, you would not have the right to appeal or challenge that

25  sentence in any other way.

N7K8ROGP

1          Do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Does this written plea agreement

4    constitute your complete and total understanding of the entire

5    agreement between you and the government?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Has anything been left out of this written

8    plea agreement?

9          THE DEFENDANT:  No, sir.

10         THE COURT:  Other than what is written in here, has

11   anyone made any promise to you or offered you any inducements

12   to either plead guilty or to sign this agreement?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  Has anyone threatened you or forced you to

15   plead guilty or to sign this agreement?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Has anyone made a promise to you as to

18   what your sentence will be in this case?

19         THE DEFENDANT:  No, sir.

20         THE COURT:  Ms. Rogers, I would like you now to tell

21   me in your own words what you did that makes you believe that

22   you are guilty of the crime charged in Count One of the

23   indictment.

24         THE DEFENDANT:  During the period of September 2018

25   through March 2022, I knowingly and intentionally purchased

N7K8ROGP

firearms with an intent to sell them with my ex-husband, Ronald Rogers, in the state of New York City.  I am not a licensed dealer in firearms.  I made these purchases at the request of my ex-husband.

THE COURT:  When you did these things, did you understand and know that the object and purpose was to engage in the business of selling or dealing in firearms?  Did you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you understand and know that you didn't have a license to do that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you understand and know that by doing this that you were doing something wrong and committing a violation of the law?

THE DEFENDANT:  Yes, sir.

THE COURT:  Maybe you mentioned this, but where did you bring these guns or sell them, somewhere in Manhattan or the Bronx?

THE DEFENDANT:  Out of state.

THE COURT:  Where in New York, though?

THE DEFENDANT:  Sir?

THE COURT:  Did you sell them or did somebody bring them to New York City?

THE DEFENDANT:  Yes, sir.

N7K8ROGP

1         THE COURT:  Where in New York City?

2         THE DEFENDANT:  The whole New York.

3         He brought them to New York to sell them.  I don't

4    know where.  I just know it was in New York.

5         THE COURT:  Mr. King, are you prepared to make a

6    proffer with respect to venue?

7         MR. KING:  Yes, your Honor.

8         There were multiple firearms purchased by Ms. Rogers

9    that were recovered in Manhattan after the commission of crimes

10   that were seized.  There is also evidence that Ms. Rogers sold

11   the firearms to other individuals in Manhattan.

12        THE COURT:  Mr. Duboulay, any objection to that?

13        MR. DUBOULAY:  No, your Honor.

14        THE COURT:  You agree that would satisfy the venue

15   requirement?

16        MR. DUBOULAY:  Yes, your Honor.

17        THE COURT:  Mr. Duboulay, are you aware of any valid

18   defense that would prevail at a trial or any reason that Ms.

19   Rogers should not be permitted to plead guilty?

20        MR. DUBOULAY:  No, your Honor.

21        THE COURT:  Mr. King, are there any additional

22   questions that you would like me to ask of Ms. Rogers?

23        MR. KING:  No, your Honor.

24        THE COURT:  Would you please summarize briefly what

25   the government's evidence would be and what it would show if

1    Ms. Rogers were to go to trial.

2             MR. KING:  Yes, your Honor.

3             At trial, the government's evidence would consist of,

4    among other things:

5             Data from the defendant's iCloud and cell phone,

6    including text messages between the defendant and her

7    codefendant, Ronald Rogers, concerning the purchase of

8    firearms.

9             Data from her codefendant's iCloud and cell phone,

10   including photos and videos of him, Ronald Rogers, possessing

11   guns that were purchased by the defendant as part of the gun

12   trafficking scheme, traveling to New York City, and also

13   possessing large amounts of cash.

14            There is cell site data showing her codefendant,

15   Ronald Rogers, traveling to New York City during the relevant

16   time period, which coincided with the times that firearms were

17   purchased by the defendant in Georgia.

18            There is video surveillance from federally licensed

19   firearms dealers in Georgia.

20            There is ATF Forms 4733 and other transaction receipts

21   for firearms purchased by the defendant during the conspiracy.

22            There is also physical evidence, including the seized

23   guns that were found at crime scenes here in Manhattan.

24            And there would also be testimony from an ATF agent

25   regarding the defendant's lack of a license to deal in

N7K8ROGP

1    firearms.

2             THE COURT:  Do both counsel agree that there is a

3    sufficient factual basis for a guilty plea to Count One?

4             MR. KING:  Yes, your Honor.

5             MR. DUBOULAY:  I do, your Honor.

6             THE COURT:  Do either counsel know of any reason that

7    I should not accept Ms. Rogers's plea of guilty?

8             MR. KING:  No, your Honor.

9             MR. DUBOULAY:  No, your Honor.

10            THE COURT:  Ms. Rogers, because you acknowledge that

11   you are in fact guilty as charged in Count One of the

12   indictment, because I am satisfied that you know of your

13   rights, including your right to go to trial, and that you are

14   aware of the consequences of your plea, including the sentence

15   that could be imposed upon you, and because I find that you are

16   knowingly and voluntarily pleading guilty, I accept your guilty

17   plea and enter a judgment of guilty on Count One of the

18   indictment.

19            The probation department will want to interview you in

20   connection with a presentence report that it will prepare.  If

21   you choose to speak with the probation department, you should

22   make sure that anything you say is truthful and accurate.

23   Among other things, that report is very important to me in

24   deciding what sentence to impose upon you.  Before sentencing,

25   you and Mr. Duboulay will have an opportunity to review the

N7K8ROGP

1    report.  I would urge you to review it with care and if you

2    find any mistakes in the report or anything that you wish to

3    bring to my attention in connection with sentencing, that you

4    share that with Mr. Duboulay so that he can share it with me in

5    turn.

6                Do you understand that?

7                THE DEFENDANT:  Yes, sir.

8                THE COURT:  Mr. Duboulay, do you wish to be present in

9    connection with any interview?

10               MR. DUBOULAY:  I do, your Honor.  Thank you.

11               THE COURT:  I will direct the government to provide

12   the probation department with its factual statement of the

13   offense within seven days of the presentence report being

14   ordered.

15               Defense counsel must arrange for Ms. Rogers to be

16   interviewed by the probation department within two weeks of the

17   PSR being ordered.  And I will order that no interview shall

18   take place unless counsel is present.

19               I will set sentencing for December 20 at 3 p.m.

20   Again, December 20 at 3 p.m.

21               In accordance with my individual rules and practices,

22   defense submissions with respect to sentencing are due two

23   weeks prior to the sentencing date, the government's submission

24   is due one week prior to the sentencing date.  And if you think

25   there is any change to that that is warranted, you can file an

N7K8ROGP

1    appropriate letter motion.

2           Mr. King, any objection to Ms. Rogers's bail

3    conditions being continued through sentencing?

4           MR. KING:  No, your Honor.

5           THE COURT:  Ms. Rogers, the conditions upon which you

6    have been released to date will continue to apply until the

7    time that I impose sentence.  It is absolutely critical that

8    you comply with those conditions.  Number one, if you don't,

9    that could affect your release status pending sentence; and

10   number two, it would probably weigh very heavily in my decision

11   about what sentence to impose upon you.  So for both of those

12   reasons, it is very important that you comply with all of the

13   conditions of your release.

14          Do you understand that?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  It's also important that you are here on

17   the date and time that I have set for sentencing.  You should

18   check with Mr. Duboulay to make sure that if that date or time

19   changes, that you know about it and know where you need to be

20   and when.  The bottom line is, if you are not here, then you

21   could be subject to punishment above and beyond whatever

22   punishment you receive in connection with your plea today.

23          Do you understand that?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Anything else from the government?

N7K8ROGP

1          MR. KING:  No, your Honor.  Thank you.

2          THE COURT:  Mr. Duboulay.

3          MR. DUBOULAY:  No, your Honor.  Thank you.

4          THE COURT:  All right.  In light of that, the trial

5   that was to begin a week from Monday is canceled.

6          And with that, we are adjourned.  Thank you very much.

7          (Adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25